UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRETT UPTHAGROVE

    Plaintiffs,

v.                                        Case No: 8:23-cv-0612-KKM-MRM

UNITED PARCEL SERVICE, INC.,

    Defendant.
_____

## ORDER

On March 20, 2023, Defendant United Parcel Service, Inc., (UPS) removed this Florida Civil Rights Act (FCRA) action by Plaintiff Brett Upthagrove from state court based on diversity jurisdiction. Notice of Removal (Doc. 1). Plaintiff now moves to remand, arguing that the diversity statute's amount-in-controversy requirement is not met here. Mot. to Remand (Doc. 9); *see* 28 U.S.C. § 1322(a) ("[T]he matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs."). Because the Court agrees, Plaintiff's motion is granted.

I.    BACKGROUND

Upthagrove sues UPS for age discrimination in violation of the FCRA. Compl. ¶ 15. He alleges that he is a former employee of UPS, that he was "subjected to ongoing

disparate treatment by" UPS, and that he was eventually fired because he was "older." *Id.* ¶¶ 2, 7, 11.

Upthagrove filed suit in the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida on February 9, 2023. *Id.* at 5. UPS was served on February 28, 2023, and filed a notice of removal on March 20, 2023. Notice of Removal ¶ 9. Upthagrove now moves to remand to state court because UPS "has failed to establish that the amount in controversy in this case exceeds $75,000," and therefore this Court lacks subject matter jurisdiction. Mot. to Remand at 1.

## II.   LEGAL STANDARD

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). A defendant may remove any case in which a federal district court would have had original jurisdiction. *See* 28 U.S.C. § 1441(b). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001). A court may draw reasonable deductions and inferences from the pleadings, using "judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). But the Court may not engage in "speculation" or "unabashed guesswork." *Lowery v. Ala.*

*Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2011). Additionally, "[w]hat counts is the amount in controversy at the notice of removal." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

"If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe*, 613 F.3d at 1061. But where a plaintiff makes a specific allegation that damages are less than the jurisdictional threshold, "defendant must prove to a legal certainty that plaintiff's claim must exceed [$75,000]." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

III.   ANALYSIS

In his complaint, Upthagrove alleges that "[t]he amount in controversy exceeds $30,000, but [is] less than $75,000." Compl. (Doc. 1-1) ¶ 5. In its Notice of Removal, UPS argues that "a preponderance of the evidence proves that the amount in controversy exceeds the sum of $75,000." Notice of Removal ¶ 13. Because Upthagrove makes a specific allegation that the amount in controversy is less than $75,000, UPS must prove to a legal certainty that it is met, not by a preponderance of the evidence. But rather than meet its burden to prove that this allegation is *wrong*, UPS argues in response to Plaintiff's motion that "Plaintiff fails to establish—much less to a legal certainty—"that it is *right*. Resp. (Doc. 18) at 2. UPS incorrectly flips the burden.

3

Even under the lower preponderance burden, the Court is unconvinced that the amount in controversy is met in this case. UPS points to Upthagrove's claims for past and future lost wages, emotional distress, punitive damages, and attorney's fees. *Id.* ¶ 19.

First, UPS calculates $25,810 in total back pay from the time Upthagrove was terminated to the notice of removal. *Id.* ¶ 22. But Upthagrove alleges only "*mitigated* back pay," not full relief. Compl. ¶ 27. UPS presents no evidence that Upthagrove's mitigated back pay would be anywhere near full compensation. Even still, full compensation only gets UPS a third of the way to the $75,000 minimum.

Second, UPS "conservatively" calculates "at least a year in future lost wages," bringing its total amount in controversy allegation up to $40,890. But, as the Court has previously noted, "[b]ecause the amount in controversy is determined *at the time of removal*, this Court declines to consider back pay that accrued or will accrue after the date of removal." *Scott v. Walmart*, 528 F. Supp 3d 1267, 1275 (M.D. Fla. 2021) (Mizelle, J.) (noting a split of authority within the district on this question). The Court will not speculate as to how long potential back pay will continue to accrue up until trial, and thus will not consider this amount.

Third, UPS points to "jury verdicts in similar FCRA cases [to] illustrate that Plaintiff's alleged emotional distress damages alone satisfy" the amount in controversy requirement. Notice of Removal at 6. But the award of emotional distress damages in other

4

cases, based on other factual records, does not support a finding of that amount of emotional distress damages in *this* case. UPS does "not point to any facts, testimony, or any of Plaintiff's allegations" to support any specific amount of emotional distress damages in controversy in this case, let alone damages that "alone" satisfy the amount in controversy requirement. *Scott*, 528 F. Supp. 3d at 1277.

Fourth, UPS contends that punitive damages "alone" satisfy the amount in controversy. Notice of Removal at 7–8. The FCRA allows recovery up to $100,000 for punitive damages. But, as this Court has already explained, "the nature of jury awards in the area of punitive damages" is "wholly speculative." *Scott*, 528 F. Supp at 1277 (quoting *Balkum v. Pier 1 Imports (U.S.), Inc.*, No. 6:17-cv-1299, 2017 WL 3911560, at *3 (M.D. Fla. Sept. 7, 2017) (Dalton, J.)). And the fact that the FCRA allows maximum punitive damages of $100,000 is not enough alone to satisfy the amount in controversy requirement, because "under that logic, every FCRA case filed in state court containing a request for punitive damages would automatically meet the jurisdictional minimum for removal." *Id.* at 1278. Thus, UPS has not alleged facts sufficient to show "to a legal certainty," or by a preponderance of the evidence, that punitive damages would bring the amount in controversy over $75,000. *Burns*, 31 F.3d at 1095; *Roe*, 613 F.3d at 1061.

Finally, UPS claims that attorney's fees awarded in similar cases show that attorney's fees would also satisfy the amount in controversy "alone." Notice of Removal at 8. This

5

amount must be measured as of the date of removal, so evidence of fee awards in other cases that progressed through trial is not persuasive. It is speculative at this stage that this case will proceed through trial, let alone that fees will accrue to "at least six figures" as UPS suggests. *Scott*, 528 F. Supp. 3d at 1278. UPS fails to assert any fees that have accrued up to the point of removal, let alone any that would meet the amount in controversy. Therefore, the Court does not consider possible attorney's fees in its amount in controversy calculation.

## IV.   CONCLUSION

UPS fails to make specific allegations rebutting to a legal certainty Plaintiff's claim that the amount in controversy is less than $75,000. Accordingly, the following is **ORDERED**:

1. Plaintiff's Motion to Remand, (Doc. 9), is **GRANTED**.

2. The Clerk is directed to **REMAND** this action to the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida, and to transmit a certified copy of this order to the clerk of that court.

3. The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 17, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge